IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LARSON WRIGHT,**                                                      **PETITIONER**

**v.**                      **CIVIL ACTION NO.: 3:13cv273-M-A**

**STATE OF MISSISSIPPI,** *et al.***,**                          **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Larson Wright, a Mississippi inmate currently confined at the Walnut Grove Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to challenge the revocation of his probation. Having considered Petitioner's allegations and the applicable law, the Court determines that the instant petition should be dismissed for the following reasons.

**Background**

In the instant petition, Petitioner provides no details as to the crime(s) that led to his incarceration.[1] He reports only that his probation was revoked on February 21, 2013, and that a judge sentenced him to a ten-year term of imprisonment. He concedes that he did not file an appeal or otherwise seek review of the judge's decision prior to filing the instant § 2254 petition on

---

[1] Offender information gleaned from using the "Inmate Search" feature of the Mississippi Department of Correction's website indicates Petitioner is serving a ten year sentence following a conviction for armed robbery. *See* http://www.mdoc.state.ms.us/ (follow "Inmate Search" hyperlink; search "Larson Wright") (last visited November 5, 2013).

or about November 4, 2013. In his petition, Petitioner maintains that he is innocent of the crimes for which his probation was revoked and argues that his revocation was unlawful. (*See* ECF no. 1, 6).

## Discussion

A prisoner must exhaust his available state court remedies before filing for federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a prisoner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 157, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Petitioner clearly states that he has not pursued his federal habeas claims in the State courts. The Mississippi Uniform Post-Conviction Collateral Relief Act provides a method for an inmate to challenge the revocation of his probation. *See* Miss. Code Ann. § 99-39-5(1)(h); *see also Walker v. State*, 35 So. 3d 555 (Miss. Ct. App. 2010). Therefore, Petitioner has an available avenue through which to challenge the revocation of his probation, and this action must be dismissed for Petitioner's failure to exhaust his State court remedies. Petitioner is advised that, in order to exhaust his State court remedies, he must file a petition for post-conviction relief in the Circuit Court of Tallahatchie County and appeal any adverse decision to the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-39-7.

In some "limited circumstances," courts may hold a habeas petition in abeyance while the petitioner exhausts his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, the Court notes that the federal one-year statute of limitations will be tolled during the pendency of a properly filed State court post-conviction motion. *See* 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner has sufficient time within which to exhaust his claims in State court and return to federal court if necessary, provided that he acts with diligence in pursuing his claims in State court. Accordingly, no good cause exists to order a stay and abeyance in this matter.

For the foregoing reasons, the instant petition [ECF no. 1] is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DISMISSED** as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 5th day of November, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**